UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ESTER GIANNULIS,

    Plaintiff,

v.

CASE No: 8:19-cv-02864-JSM-SPF

COUNTRYSIDE SURGERY CENTER, LTD,

    Defendant.

## JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND DISMISS THE CASE WITH PREJUDICE

Plaintiff Ester Giannulis ("Plaintiff") and Defendant Countryside Surgery Center, LTD ("Defendant") (collectively, the "Parties") by and through their respective undersigned counsel, hereby file this Joint Motion to Approve Settlement Agreement and Dismiss Case with Prejudice and state the following in support thereof:

1. Plaintiff filed suit against Defendant alleging that Defendant violated the Fair Labor Standards Act ("FLSA") by failing to pay overtime wages. Defendant denies all liability and maintains that Plaintiff was paid all wages owed.

2. The Parties settled this matter. In settling this matter, the Parties considered the fact that there were contested issues in the case. Plaintiff claims that Defendant failed to pay her for overtime hours she worked off the clock. Defendant claims it properly paid Plaintiff for all hours she worked and that Plaintiff did not work off the clock.

3. In her response to the Court's Interrogatories, Plaintiff claimed to be owed $779.25 per week (25 hours x $31.17) for 78 weeks of work in the period of October 2016 to October 2019 (a total of $60,781.50). (Doc. 7.)

1

4. Defendant contends that Plaintiff did not work off the clock and it properly paid Plaintiff for all hours worked. Defendant further contends that even if Plaintiff did work off the clock, the hours were far less than was she is alleging and Defendant did not know nor should have known about the off-the-clock work, as required by the FLSA. Defendant also took the position that its actions were taken in good faith and, therefore, even if Plaintiff was correct, Plaintiff was not entitled to liquidated damages. Lastly, Defendant contends that Plaintiff could not prove willfulness; thus, the three-year statute of limitations under the FLSA did not apply.

5. The Parties understand the inherent risk and cost associated with litigation and, therefore, agreed to resolve this matter. Defendant has agreed to pay Plaintiff $4,750 to resolve Plaintiff's claims for unpaid overtime wages, and an additional $4,750 as liquidated damages resulting from Plaintiff's claims. The Parties separately negotiated Plaintiff's attorneys' fees and costs in the amount of $8,500. A copy of the Settlement Agreement is attached as **Exhibit A**.

6. Plaintiff agreed to settle her claims for a lesser amount than what she initially claimed to be owed because she understands there are factual disputes and that Defendant will put forth a strong defense in litigation and there is a possibility she will get less than what was offered to settle. The Agreement guarantees Plaintiff will receive a monetary settlement nearly immediately, instead of hoping for a possible judgment at an unknown future date after the parties engage in discovery, dispositive motions, a trial and possible appeal. The Settlement Agreement further allows the Parties to put this case behind them so that they can eliminate the distractions of litigation and focus on other matters.

7. The amount paid to Plaintiff is not compromised by the amount of attorneys' fees being paid. Plaintiff and Defendant separately negotiated the amount of Plaintiff's attorneys' fees. *See Bonetti v. Embarq Management Co.*, 715 F.Supp.2d 1222, 1228 (M.D. Fla. 2009)

(holding that with respect to attorneys' fees and costs, scrutiny is not required where the parties stipulate that the sum to be paid "was agreed upon separately and without regard to the amount paid to the plaintiff").

8. This matter has not been certified as a collective action and no other individuals have attempted to join this lawsuit.

9. All parties to this action are seeking Court approval of the settlement.

## **MEMORANDUM OF LAW**

### **I. Legal Standard**

In the context of a private lawsuit brought by an employee against an employer under Section 216(b) of the FLSA, an employee may settle claims against an employer if the parties present the district court a proposed settlement and the district court enters a stipulated judgment approving the fairness of the settlement. *Lynn's Food Stores, Inc. v. U.S.,* 679 F.2d 1350, 1353 (11th Cir. 1982). To approve the settlement, the Court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Id.* at 1354. If the settlement terms meet the aforementioned criteria, the Court should approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id.; see also Sneed v. Sneed's Shipbuilding, Inc.*, 545 F.2d 537, 539 (5th Cir. 1977).

### **II. Analysis**

Defendant clearly disputes Plaintiff's claims and whether she is entitled to any recovery at all. All Parties have been represented by experienced employment counsel throughout this litigation. The Parties' agreement to resolve this matter is not the result of any fraud or collusion by, between or among any of the Parties or counsel for the Parties. The Parties' respective attorneys, who are experienced in employment law, have zealously represented their clients'

interests since the commencement of this litigation.  The Agreement guarantees Plaintiff will receive a monetary settlement nearly immediately, instead of hoping for a possible judgment at an unknown future date after the parties engage in discovery, dispositive motions, a trial and possible appeal.  The Settlement Agreement further allows the Parties to put this case behind them so that they can eliminate the distractions of litigation and focus on other matters.

The Parties are satisfied and jointly represent to the Court that the Agreement fairly resolves the dispute between them in the instant action regarding Plaintiff's claim for unpaid wages under the FLSA.  "If the compromise is fair and reasonable to the employee and furthers the implementation of FLSA rights in the workplace, the court should approve the compromise." *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346 (M.D. Fla. 2010).  Here, Plaintiff represents that the settlement fairly and reasonably compensates Plaintiff for her alleged claims against Defendant.  In addition, the attorneys' fees and costs portion of the settlement was negotiated separately so that it did not compromise Plaintiff's recovery.  *See Bonetti*, 715 F. Supp. 2d at 1222.  The Parties stipulate to the dismissal with prejudice of the instant action upon court approval.  Accordingly, the Parties request that the Court approve the Settlement Agreement as a fair and reasonable resolution of a bona fide dispute over FLSA provisions.  *See Lynn's Food Stores, Inc*. at 1354.

## CONCLUSION

WHEREFORE, Plaintiff Ester Giannulis and Defendant Countryside Surgery Center, LTD jointly move this Court to approve the Settlement Agreement attached hereto as **Exhibit A** and to dismiss the case with prejudice.

Respectfully submitted this 9th day of July, 2020.

| | |
|---|---|
| By:/s/ Christopher J. Saba | By:/s/ David M. Kalteux |
| Christopher J. Saba<br>Florida Bar No. 0092016<br>Email: csaba@wfclaw.com<br><br>Wenzel Fenton Cabassa. P.A.<br>110 North Florida Avenue<br>Suite 300<br>Tampa, Florida 33602<br>655 West Morse Blvd., Ste. 212<br>Winter Park, Florida 32789<br>813-224-0431 Telephone<br>813-229-8712 Facsimile<br><br>*Attorneys for Plaintiff* | Tracey K. Jaensch, B.C.S.<br>Florida Bar No. 907057<br>Email: tjaensch@fordharrison.com<br>David M. Kalteux<br>Florida Bar No. 118746<br>Email: dkalteux@fordharrison.com<br><br>FORD & HARRISON LLP<br>101 E Kennedy Boulevard<br>Suite 900<br>Tampa, FL 33602<br>813-261-7800 Telephone<br>813-261-7899 Facsimile<br><br>*Attorneys for Countryside Surgery Center, LTD.* |

WSACTIVELLP:11566040.1

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

ESTER GIANNULIS,

      Plaintiff,

v.

      Case No: 8:19-cv-02864-JSM-SPF

COUNTRYSIDE SURGERY CENTER, LTD,

      Defendant.

---

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is made between Ester Giannulis ("Plaintiff" or "Giannulis") and Defendant Countryside Surgery Center, LTD ("Defendant" or "CSC"). Plaintiff and Defendant are referred to collectively herein as "the Parties." The Parties hereby agree as follows:

1. **Claims.** Plaintiff filed a Complaint in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida, styled *Ester Giannulis v. Countryside Surgery Center, LTD*, Case No. 19-007035-CI, alleging unpaid overtime under the Fair Labor Standards Act ("FLSA"). Defendant timely removed said action to the United States District Court for the Middle District of Florida, Tampa Division, Case No. 8:19-cv-02864-JSM-SPF. The Parties disagree as to whether or not Plaintiff has any viable claim but after discussing the merits of the case, the Parties were able to reach a settlement. The Parties desire to fully and finally resolve this litigation.

2. **No Admission of Liability.** This Agreement does not constitute an admission by Defendant of violation of any law or statute and the Parties agree that neither this Agreement nor the furnishing of consideration shall be deemed or construed for any purpose as evidence or admission of liability or wrongful conduct of any kind by Defendant.

3. **Monetary Consideration.** Within 14 days after (1) Defendant receives this executed settlement agreement from Plaintiff, (2) the Court approves this settlement and dismisses this action with prejudice, and (3) Defendant's receipt of W-9s from Plaintiff and Wenzel Fenton Cabassa, P.A., Defendant has agreed to pay Plaintiff as follows:

    (a) One settlement check issued to Plaintiff in the amount of FOUR THOUSAND SEVEN HUNDRED FIFTY DOLLARS AND ZERO CENTS ($4,750.00), less applicable holdings and deductions, for alleged back wages under the FLSA. CSC will issue Plaintiff an IRS Form W-2 for this amount.

1

(b) One settlement check issued to Plaintiff in the amount of FOUR THOUSAND SEVEN HUNDRED FIFTY DOLLARS AND ZERO CENTS ($4,750.00), with no withholdings, for alleged liquidated damages. CSC will issue Plaintiff an IRS Form 1099 for this amount.

(c) One check payable to Wenzel Fenton Cabassa, P.A. in the amount of EIGHT THOUSAND FIVE HUNDRED DOLLARS AND ZERO CENTS ($8,500.00) representing payment for attorneys' fees and costs. CSC will issue Wenzel Fenton Cabassa, P.A. an IRS Form 1099 for this amount.

By accepting the above-referenced sums, Plaintiff acknowledges and agrees that she has now been paid for all hours worked and all alleged overtime hours worked during her employment with CSC and agrees that CSC does not owe her any other monies with regard to compensation associated with hours worked or for any other reason. Plaintiff further acknowledges and agrees that she has been paid all wages (including overtime compensation) due to her from CSC for any reason. Finally, Plaintiff specifically agrees that the above payment represents full compensation for the FLSA claims asserted in her lawsuit and any claim Plaintiff may have had under the FLSA is now moot.

The Parties agree that the portion of the settlement sum attributable to attorneys' fees and costs was negotiated separately from and without regard to the amounts Plaintiff sought for alleged unpaid wages under the FLSA.

4. **Waiver and Release of FLSA Claims.** Plaintiff hereby releases, on her own behalf and on behalf of anyone who could claim by or through her, CSC, of and from, any and all claims under the FLSA or any other wage-related statute arising out of Plaintiff's employment with CSC.

5. **Additional Release of Claims.** In addition to the waiver of FLSA claims set forth in Paragraph 4 herein, and in exchange for additional and separate consideration to which Plaintiff would not otherwise be entitled, the Parties have entered into a separate agreement by which Plaintiff agrees to release and forever discharge CSC (including its parents, subsidiaries, affiliates, partners, related entities, predecessors, successors, assigns, trustees, and all of their past and present owners, officers, directors, managers, employees, insurers and agents) from additional claims not covered herein.

The Parties hereby agree and affirm that the waiver of claims set forth in this separate agreement was negotiated without regard to Plaintiff's FLSA claim, and that in exchange for the releases contained therein Plaintiff is receiving additional consideration to which she would not otherwise be entitled.

6. **Settlement Approval and Dismissal.** The Parties will request that the Court review and approve this Agreement and that the Court dismiss with prejudice the above-styled lawsuit, presently pending in the United States District Court for the Middle District of Florida, upon the effective date of this Agreement. If the Court rejects this Agreement, the Parties shall diligently work together to draft an Agreement that is approved by the Court. In the event the above-numbered and entitled lawsuit is not dismissed with prejudice after the Parties have

2

reasonably exhausted efforts to seek Court approval, this Agreement shall become null and void and Defendant shall be entitled to return by Plaintiff of any and all sums paid by Defendant hereunder.

7. **Tax Payment.** Plaintiff and her counsel shall pay any and all taxes that may be due as a result of the settlement payment(s). Plaintiff agrees and affirms that she is not relying on any representation made by Defendant concerning whether or not the payment(s) is taxable as wages, as income, or otherwise, or concerning the amount of taxes that she may be required to pay as a result of the payment(s). Plaintiff agrees that she will not be entitled to any additional consideration under this Agreement as a result of any assessment of, or liability for, taxes as a result of the payment(s). Moreover, Plaintiff agrees to indemnify Defendant and hold it harmless from any interest, taxes or penalties assessed against it by any governmental agency as a result of the non-payment of taxes on any amounts paid to Plaintiff under the terms of this Agreement.

8. **Transfer of Claims.** Plaintiff represents and warrants that Plaintiff has not assigned, transferred, or purported to assign or transfer, to any person, firm, corporation, association or entity whatsoever, any released claim. Plaintiff agrees to indemnify and hold Defendant harmless against, without any limitation, any and all rights, claims, warranties, demands, debts, obligations, liabilities, costs, court costs, expenses (including attorneys' fees), causes of action or judgments based on or arising out of any such assignment or transfer. Plaintiff further warrants that there is nothing that would prohibit Plaintiff from entering into this Agreement.

9. **Binding Effect.** This Agreement is to be construed and governed under the laws of the State of Florida and shall bind the Parties and their respective heirs, estates, successors and assigns. If the Court in the above-styled lawsuit fails to approve the Agreement, Plaintiff agrees to expeditiously work with Defendant on drafting an agreement acceptable to both Parties and the Court.

10. **Consideration and Acceptance of Agreement.** Plaintiff acknowledges that she has read the entire Agreement and specifically acknowledges the following: Plaintiff understands the language of the Agreement, and any questions she may have had during review of the Agreement have been explained to her satisfaction and understanding. Plaintiff understands that she is not waiving any rights or claims which may arise after the date the Agreement is executed. Plaintiff has been advised and is again advised herein to consult with her attorney and/or other professional of her own choosing and has consulted with or had the opportunity to consult with legal counsel and other persons of her own choosing regarding this matter prior to the execution of the Agreement.

11. **No Prevailing Party.** Plaintiff shall not be considered a prevailing party for any purpose. Further, Defendant shall not be considered a prevailing party under this Agreement. Accordingly, the Parties hereby agree that each party shall be responsible for their respective attorneys' fees notwithstanding the aforementioned payment set forth in Paragraph No. 3 herein.

12. **Breach.** The Parties hereto acknowledge that any breach of this Agreement shall entitle the non-breaching party not only to damages, but also to injunctive relief to enjoin the actions of the breaching party, as well as costs, including fees of its attorneys, paralegals and

legal assistants. The prevailing party in any such action shall be entitled to attorneys' fees and costs.

13. **Modification of Agreement.** Any uncertainty or ambiguity shall not be construed for or against any other party based on attribution of drafting to any party. Furthermore, this Agreement shall not be subject to modification or amendment by an oral representation, or any other written statement by either party, except for a dated written amendment to the Agreement signed by Plaintiff and Defendant prior to the Court's approval of this agreement.

14. **Severability.** The invalidity or unenforceability of any provision of this Agreement shall not affect or impair any other provisions, which shall remain in full force and effect. If any portion of this Agreement is found invalid, the Parties agree to enter into new provisions that are not invalid.

15. **Headings.** The headings contained in the Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

16. **Jurisdiction and Venue.** The Parties hereto acknowledge that the Agreement is enforceable in the state courts of Florida. Plaintiff and Defendant hereby waive any pleas of jurisdiction or venue as not being a resident of Pinellas County, Florida, and hereby specifically authorize any action brought upon the enforcement of the Agreement to be commenced or filed in Pinellas County, Florida. The Parties hereby expressly waive any and all right to a trial by jury with respect to any action, proceeding or other litigation resulting from or involving the enforcement of the Agreement or any other action related to Plaintiff's alleged employment with CSC.

**I HAVE READ THE FOREGOING SETTLEMENT AGREEMENT AND FULLY UNDERSTAND AND VOLUNTARILY AGREE TO BE LEGALLY BOUND BY THIS AGREEMENT.**

_____
Ester Giannulis

Date: 06 / 28 / 2020


Countryside Surgery Center, LTD
By its general partner, Surgicare of Countryside, Inc.
By: _____  Date: 7-8-2020
John M. Franck II
Its: Vice President and Assistant Secretary


WSACTIVELLP:11565177.1

4